IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHNNIE WALDON DESHAZER, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> DAVID LOUTHAN, ) <br> ) <br> Respondent. ) | Case No. CIV-25-437-D |

### ORDER

Petitioner Johnnie Waldon Deshazer brought this action seeking a writ of habeas corpus under 28 U.S.C. § 2254 [Doc. No. 1], seeking relief from his conviction and sentence for robbery with a dangerous weapon in Oklahoma County District Court, Case No. CF-2007-6459.[1] Petitioner raises two grounds for relief:

> Ground One: Petitioner [was] denied effective assistance of trial and appellate counsel when neither raised [that he was] arrested on an unverified, uncertified affidavit by Detective Guthrie who knew his information as asserted therein the affidavit [was] false in violation of the 4th, 6th, and 14th Amendment[s] [to] the U.S. Constitution.
>
> Ground Two: Trial and appellate counsel denied Petitioner effective assistance when neither raised a discovery violation occurred when Detective Guthrie coached witness … in violation of the 5th, 6th, and 14th Amendments [to] the U.S. Constitution.

---

[1] The Court takes judicial notice of Petitioner's state-court proceedings and related appeal: *State v. Deshazer*, Case No. CF-2007-6459, District Court of Oklahoma County, https://www.oscn.net/dockets/GetCaseInformation.aspx?db=oklahoma&number=CF-2007-6459&cmid=2228733 (last visited Oct. 23, 2025); and *Deshazer v. State*, Case No. F-2009-1189, https://www.oscn.net/dockets/GetCaseInformation.aspx?db=appellate&number=F-2009-1189&cmid=103577 (last visited Oct. 23, 2025).

1

[Doc. No. 1, at 5, 18]. The matter was referred to United States Magistrate Judge Suzanne Mitchell for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C).

On April 25, 2025, the magistrate judge ordered Petitioner to show cause why the Court should not dismiss his petition as untimely, pursuant to the one-year limitations period established by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d)(1) [Doc. No. 7]. In her order, the magistrate judge explained that Petitioner's state-court conviction became final on March 10, 2011, ninety days after the Oklahoma Court of Criminal Appeals affirmed Petitioner's conviction and sentence. Accordingly, Petitioner's one-year limitations period—absent tolling—expired on March 12, 2012. As noted in the magistrate judge's order [Doc. No. 7], Petitioner did not file the present habeas petition until April 16, 2025, several years after the expiration of the one-year limitations period.

Petitioner filed a timely response [Doc. No. 8]. In it, he argued that his claim of actual innocence permits the Court to adjudicate his habeas petition on the merits, notwithstanding the AEDPA's one-year limitations period. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (holding a valid actual-innocence claim "serves as a gateway through which a petitioner may pass" even if the AEDPA's statute of limitations has expired). In addition to *McQuiggin*, Petitioner also cited several cases[2] involving exhaustion and procedural default, none of which cases bear on whether Petitioner's habeas petition is

---

[2] *Doe v. Jones*, 762 F.3d 1174 (10th Cir. 2014); *McCleskey v. Zant*, 499 U.S. 467 (1991); *Massaro v. United States*, 538 U.S. 500 (2003); *Murray v. Carrier*, 477 U.S. 478 (1986); and *Banks v. Dretke*, 540 U.S. 668 (2004).

timely under § 2244(d)(1). *See Fontenot v. Crow*, 4 F.4th 982, 1028 (10th Cir. 2021) ("While a showing of 'cause' can help excuse a procedural default, it is not the right vehicle for a bid to overcome AEDPA's time bar.").

On June 9, 2025, the magistrate judge issued a Report and Recommendation [Doc. No. 9], in which she recommends that Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 be dismissed as untimely.

Section 2244(d)(1)(D) allows a later start date for the one-year limitations period if a petitioner shows he could not have timely discovered, through the exercise of due diligence, the factual predicate of his claims. *See* 28 U.S.C. § 2244(d)(1)(D). However, as noted by the magistrate judge, the only "new" evidence presented by Petitioner was a series of text messages (from February of 2024) between a private investigator and a witness who testified at Petitioner's trial [Doc. No. 1-1, at 4-11]. Importantly, the magistrate judge determined that the text messages "reiterate[] [the witness's] trial testimony and that she 'only described to the court what [she] saw the "robber" wearing before he entered the building next door.'" [Doc. No. 9, at 7-8] (quoting Doc. No. 1-1, at 8). Accordingly, the magistrate judge concluded that Petitioner is not entitled to the delayed start date set forth in § 2244(d)(1)(D).

The magistrate judge further determined that Petitioner is not entitled to statutory tolling pursuant to 28 U.S.C. § 2244(d)(2). Under subsection (d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). In her report, the magistrate

judge explained that only post-conviction actions filed within the one year allowed by the AEDPA will toll the statute of limitations [Doc. No. 9, at 8]. Thus, Petitioner's post-conviction applications filed outside of the one-year period did not toll his deadline to seek habeas relief under § 2244(d)(2). *See Davis v. Bridges*, No. 22-6107, 2024 WL 140026, at *4 (10th Cir. 2024) ("[O]nly state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations.") (quoting *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006)).

Additionally, the magistrate judge concluded that Petitioner was not entitled to equitable tolling, which is appropriate only where a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation and internal quotation omitted).

Finally, the magistrate judge determined that Petitioner had not made a credible showing of actual innocence. "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—*that was not presented at trial*." *Schlup v. Delo*, 513 U.S. 298, 324 (1995) (emphasis supplied). Because Petitioner's only "new evidence" was a string of text messages that merely reiterated the witness's trial testimony, the magistrate judge concluded that Petitioner had not set forth any new evidence to support his claim of actual innocence.

In Petitioner's Objection to Report and Recommendation of Magistrate Judge [Doc. No. 10], he rehashes many of his arguments related to trial testimony and identification evidence, but he fails to make specific objections to most of the magistrate judge's thorough conclusions. Where Petitioner's objections are more specific, he presents no persuasive argument or authority that would cause this Court to depart from the magistrate judge's analysis.

First, Petitioner maintains that he is entitled to the AEDPA's later start date for the one-year limitations period, when a petitioner "could not have timely discovered, through the exercise of due diligence, the factual predicate of his claims." *See* 28 U.S.C. § 2244(d)(1)(D). However, for support, Petitioner merely cites to portions of his trial transcripts and fails to identify any reasons barring him from timely discovering the facts underlying his claims. Petitioner is not entitled to the later trigger date under § 2244(d)(1)(D). Thus, absent equitable tolling, Petitioner's petition is untimely.

"Under the doctrine of equitable tolling, [the Court] will occasionally toll the time bar facing a habeas petitioner, though 'only in rare and exceptional circumstances.'" *United States v. Alvarado-Carrillo*, 43 F. App'x 190, 192 (10th Cir. 2002) (unpublished) (quoting *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000)).[3] A prerequisite to any application of equitable tolling, however, is a finding that the "petitioner [has] diligently pursue[d] his federal habeas claims." *Gibson*, 232 F.3d at 808; *see also Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[T]his equitable remedy is only available when an inmate diligently

---

[3] Unpublished opinions are cited pursuant to FED. R. APP. P. 32.1(a) and 10th Cir. R. 32.1(A).

pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control.").

In Petitioner's Objection, he does not address any circumstances preventing him from timely filing his habeas petition, let alone extraordinary circumstances beyond his control. Petitioner's habeas petition was filed more than 13 years after the expiration of the limitations period. Petitioner's conclusory statement that "state officials withheld exculpatory information of his actual innocence" is not sufficient to state a "rare and exceptional circumstance" warranting equitable tolling. Upon *de novo* review, the Court agrees with the magistrate judge that Petitioner is not entitled to equitable tolling.

Finally, Petitioner objects to the magistrate judge's determination that Petitioner had not shown a colorable actual innocence claim. "Actual (factual) innocence is a ground for applying equitable tolling." *United States v. Gabaldon*, 522 F.3d 1121, 1124 n.2 (10th Cir. 2008). As stated above, Petitioner must support his allegations "with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. The Supreme Court has "caution[ed], however, that tenable actual-innocence gateway pleas are rare: A petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin*, 569 U.S. at 386.

In his Objection, Petitioner again asserts that the text messages between a private investigator and a trial witness are new evidence sufficient to support his actual innocence claim. However, the Court agrees with the magistrate judge that the text messages merely

6

reiterate the trial witness's testimony and that she only described to the court what she saw the robber wearing before he entered the building next door. This is insufficient to present a colorable claim of actual innocence. *See Phillips v. Ferguson*, 182 F.3d 769, 774 (10th Cir. 1999) ("To prevail, [the petitioner] must identify evidence that affirmatively demonstrates his innocence. A criminal defendant is required to provide evidence that does more than simply 'undermine the finding of guilt against' him or her.") (internal quotations and citations omitted). For these reasons, the Court agrees with the magistrate judge that Petitioner is not entitled to equitable tolling, and the petition should be dismissed as time-barred by the AEDPA.

**IT IS THEREFORE ORDERED** that the Report and Recommendation [Doc. No. 9] is **ADOPTED** in its entirety. Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254 [Doc. No. 1] is **DISMISSED WITH PREJUDICE**. A separate judgment shall be entered.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to a petitioner. A COA may issue only if Petitioner "has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without

reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Upon consideration, the Court finds the requisite standard is not met in this case. Therefore, a COA is **DENIED**. The denial shall be included in the judgment.

    **IT IS SO ORDERED** this 24th day of October, 2025.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge